IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICKEY DAVIS                                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 2:12cv210-MTP

DELANE BUTLER, *et al.*                                                                     DEFENDANTS

**ORDER**

THIS MATER is before the Court on the Defendants' Motion to Dismiss and/or for Summary Judgment [39]. Having reviewed the submissions of the party and the applicable law, the Court finds that the Defendants' Motion [39] should be GRANTED and that this matter should be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies.

**FACTUAL BACKGROUND**

Plaintiff Rickey Davis is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC") at East Mississippi Correctional Facility ("EMCF") in Meridian, Mississippi. However, at the time the alleged events giving rise to this lawsuit occurred, Davis was a pretrial detainee at the Jefferson Davis County Jail ("JDCJ"). Plaintiff was arrested in Lawrence County, Mississippi on charges of rape, and later entered a guilty plea to a charge of aggravated assault.[1] After Plaintiff's arrest but before his guilty plea, he was temporarily transferred from Lawrence County to JDCJ.[2]

Defendants state that JDCJ is small facility that houses a maximum of twenty-five inmates.[3]

---

[1] Exhibit A [39-1] at 1, 3.

[2] Booking Sheet [39-3].

[3] Affidavit of Delane Butler [39-2]; Affidavit of Sheriff Ron Strickland [39-4].

1

Defendants state that prisoners are housed at JDCJ due to issues such a overcrowding, but that the original entity, in this case Lawrence County, remains responsible for costs associated with housing the inmate.[4] Furthermore, Lawrence County continues to control the substantive aspects of an inmate's incarceration, including medical treatment and personal property.[5] Prisoners do not bring any personal property with them to JDCJ. In this case, because Plaintiff was a Lawrence County prisoner, his personal property remained at that facility.[6]

Plaintiff, proceeding *pro se*, filed his complaint on November 15, 2012 . Plaintiff's claims were later clarified and amended by his sworn testimony at the *Spears*[7] hearing in this case. Plaintiff alleges that Defendant Delane Butler, an officer at JDCJ, conducted a search of his cell and threw away Plaintiff's belongings, which he estimates had a value of $75.[8] Plaintiff also claims that Butler threw away legal mail, which he alleges might have contained a document that could have exonerated his later conviction of aggravated assault.[9] Plaintiff alleges that Butler acted against him in retaliation for the role he played in Butler losing her job at Lawrence County Jail.[10] Plaintiff alleges that he wrote letters to Defendant Charles Johnson advising him of the incident with Butler,

---

[4]*Id.*

[5]*Id.*

[6]*Id.*

[7]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). *See also Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010) (stating that the allegations made by a prisoner during a Spears hearing supercede the claims alleged in the complaint).

[8]Omnibus Order [27] at 2.

[9]*Id.*

[10]*Id.*

but that Johnson responded that there was nothing he could do and that Plaintiff's complaints were unimportant. Davis also asserts that he notified Defendant Ronald Strickland, the Sherriff in Jefferson Davis County, of the incident, but that Strickland did nothing to help him.[11]

In addition, Plaintiff alleges that Defendant Rodney Bass denied him proper medical care. Plaintiff alleges that Bass refused to bring Plaintiff Vaseline and other medications, which Plaintiff needed to treat his psoriasis.[12] Plaintiff claims that he was deprived of this medication for three months, and that he was in extreme discomfort during that time.[13] Plaintiff seeks reimbursement of $75 for his lost property and unspecified emotional distress damages.

On April 3, 2014, Defendants filed their Motion to Dismiss and/or for Summary Judgment [39]. In their Motion, Defendants argue that Plaintiff's claims should be dismissed because: (1) Plaintiff has failed to exhaust his administrative remedies; (2) Plaintiff has failed to demonstrate a violation of his constitutional rights; (3) the relief sought by Plaintiff is moot; and (4) Defendants are entitled to qualified immunity.

## STANDARD

Because the Defendants have submitted matters outside the pleadings with their Motion to Dismiss and/or for Summary Judgment [39], the motion should be characterized as a motion for summary judgment. *See* FED. R. CIV. PRO. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991). The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

---

[11]*Id.*

[12]*Id.* at 3.

[13]*Id.*

CIV. PRO. 56(a). The Supreme Court has held that Rule 56 requires summary judgment in any case where a party "fails to establish the existence of an element essential to his case on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).

The Court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). The existence of an issue of material fact is a question of law that the court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

## ANALYSIS

Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Defendants claim, in part, that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies.[14] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006);

---

[14]Defendants state that JDCJ is small facility that houses a maximum of twenty-five inmates. Jefferson Davis County Sheriff Ronald Strickland affirmed under oath and under penalty of perjury that the grievance procedure at JDCJ is as follows: if a prisoner has a grievance, they are to make a written statement of the issue and give the same to a jailor to submit directly to Sheriff Strickland. He then reviews the grievance and acts accordingly. *See* Exhibit 4 [39-4] at 2.

"Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Id.* at 85.

Here, Plaintiff claims that he notified Ronald Strickland in some way of the incident with Delane Butler, and that Strickland failed to respond or rectify the issue. However, Plaintiff has failed to provide any documentation supporting his assertion that he attempted to exhaust his claims, or any information whatsoever regarding when or how these notifications were allegedly made by him.The United States Court of Appeals for the Fifth Circuit has upheld the grant of summary judgment where the evidence revealed that an inmate has not followed prison guidelines for filings grievances and thus had not exhausted his administrative remedies. *Stout v. North-Williams*, 476 Fed. App'x 763, 765 (5th Cir. 2012). Furthermore, court have been clear that a prisoner cannot fulfill the exhaustion requirement through general allegations that he notified prison officials of a violation, rather, he must follow the process set forth by the prison. *See, e.g., Woodford,* 548 U.S. at 83-84; *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement); *Lane v. Harris Cnty. Medical Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, the prisoner must comply with all administrative procedural rules).

Plaintiff does not claim that he notified Sheriff Strickland in regard to his deliberate indifference claims, and the record does not reflect any correspondence between Plaintiff and Strickland in this regard. Plaintiff made several medical requests to the staff at JDCJ, but these consist of simple requests for medical care and do not state the grievances Plaintiff alleges, nor are they addressed or made out to Sheriff Strickland.[15] In fact, most of Plaintiff's requests are addressed

---

[15]*See generally* Exhibit [39-2].

to the Lawrence County Sheriff's Office and not to Strickland, who is the Sheriff in Jefferson Davis County.

Furthermore, Plaintiff has not demonstrated that exhaustion would have been futile or that administrative remedies were unavailable. Exceptions to the exhaustion requirement are appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* Plaintiff asserts that he was unaware of the administrative process at JDCJ, but this claim is rebutted by the fact that Plaintiff made many requests and communications to the staff at JDCJ and the Lawrence County Sheriff while incarcerated.[16]

Even if Davis was unaware of the jail's grievance policy and simply made oral requests for relief, Davis does not allege that he even inquired about filing a grievance. The Fifth Circuit requires that a prisoner plaintiff must, at the very least, inquire about filing a grievance and be denied in order to properly assert that administrative remedies are unavailable. *Manemann v. Garrett*, 484 Fed. App'x 857, 858 (5th Cir. 2012); *see also Bailey v. Anderson*, 2014 WL 4327917 at *5 (N.D. Texas Sept. 2, 2014) (dismissing prisoner's claim because he offered no explanation as to why he could not pursue administrative remedies while he was in the prison hospital).

Plaintiff has failed to rebut Defendants' assertions regarding his failure to exhaust in his Response [41], except to argue that Sheriff Strickland was aware of the events at issue. For these

---

[16]*See* Exhibit B [39-2].

reasons, Plaintiff's complaint will be dismissed without prejudice.[17]

**IT IS, THEREFORE, ORDERED:**

1. That Defendants' Motion [39] is GRANTED and this action is hereby dismissed without prejudice.

2. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

This the 30th day of October, 2014.

> s/ Michael T. Parker
> United States Magistrate Judge

---

[17] Plaintiff has clearly failed to exhaust his claims. However, in regard to the substance of Plaintiff's contentions, the Court will also note that Plaintiff failed to specify what legal documents were taken from him by Defendant Butler, much less how their absence affected his criminal trial. *See Clemons v. Monroe*, 423 Fed. App'x 362, 364 (5th Cir. 2011) (holding that prisoner's access to the courts claim failed because prisoner failed to demonstrate that he was prevented from raising a meritorious legal issue). In regard to Plaintiff's other lost property, it is well-established that intentional deprivations of property do not violate due process where there is an adequate state tort remedy available, *Jackson v. Maes*, 392 Fed. App'x. 317, 318 (5th Cir. 2010), which is the case in Mississippi. *See, e.g.,* Miss. Code Ann. § 11-38-1 et seq. (claim and delivery); Miss. Code Ann. § 11-37-101 et seq. (replevin). Furthermore, as Plaintiff does not assert that the deprivation of his property was per JDCJ policy, his claim does not fall under the *Parratt/Hudson* Doctrine. *See Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995) (explaining that searches conducted under prison policy as opposed to "random and unauthorized" violate the procedural due process). Lastly, Plaintiff's vague allegations of retaliation do not constitute a cognizable right under Section 1983. The law is clear that retaliation claims require a level of specificity that Plaintiff has failed to demonstrate. *Bibbs v. Early*, 541 F.3d 267 (5th Cir. 2008) (holding that a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory act, and (4) causation.").